STATE OF MAINE  
CUMBERLAND, ss

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO. AP-13-08

TDW - CUM - 10/2 2013

CHINHAK RITH,

    Plaintiff,

v.

MAINE UNEMPLOYMENT  
INSURANCE COMMISSION,

    Defendant



STATE OF MAINE  
Cumberland, ss, Clerk's Office

OCT 02 2013

RECEIVED

Before the court is plaintiff Chinhak Rith's appeal from a January 22, 2013 decision of the Maine Unemployment Commission finding that Rith was not entitled to unemployment compensation because he was discharged for misconduct.

On this appeal the court's role is to determine whether the Commission correctly applied the law and whether its findings are supported by any competent evidence. McPherson Timberlands Inc. v. Unemployment Insurance Commission, 1998 ME 177 ¶ 6, 714 A.2d 818. The court cannot overrule a decision of the Commission unless the record before the Commission compels a contrary result. Id. The court should not substitute is own judgment for that of the agency and must affirm findings of fact if they are supported by substantial evidence in the record. Rangeley Crossroads Coalition v. Land Use Regulation Commission, 2008 ME 115 ¶ 10, 955 A.2d 223.

In this case there is a question whether the Commission correctly applied the law. At the hearing the employer, Oakhurst Dairy, was contacted and informed the hearing officer, "We're not going to oppose unemployment." R. 21. Neither the brief filed by counsel for Rith nor the brief filed by counsel for the State addresses the employer's decision not to contest unemployment. However, the court is constrained to

note that both the hearing officer's and the Commission's decision are worded as if the employer had appeared, had offered evidence, and had proven that Rith had engaged in misconduct.

Thus the hearing officer's decision states that "the employer has the burden" of proving misconduct, R. 11 (emphasis added), and goes on to state,

> The employer in this case has demonstrated that the claimant's conduct was a culpable breach of the employee's duties or obligations or was a pattern or irresponsible behavior.

R. 12 (emphasis added). Thereafter the hearing officer's decision states as follows:

> In this case, the employer has proven the elements of the following presumption to show a disregard for a material interest of the employer: Unreasonable violation of rules that should be inferred to exist from the common knowledge or from the nature of the employment.

R. 13 (emphasis added).

The Commission's decision reiterates the latter two statements in the exact same language:

> The employer in this case has demonstrated that the claimant's conduct was a culpable breach of the employee's duties or obligations or was a pattern or irresponsible behavior.
>
> . . . .
>
> In this case, the employer has proven the elements of the following presumption to show a disregard for a material interest of the employer: Unreasonable violation of rules that should be inferred to exist from the common knowledge or from the nature of the employment.

R. 2 (emphasis added).

These statements cannot be squared with the record, which shows that the employer did not contest the award of benefits and did not demonstrate or prove anything.

2

Moreover, the hearing officer's allocation of the burden of proof on the employer is consistent with the Law Court's ruling in Bath Iron Works v. Unemployment Insurance Commission, 2005 ME 54 ¶ 11, 870 A.2d 580, that the employer has the burden of proving that a claimant engaged in misconduct within the meaning of 26 M.R.S. § 1043(23). As a result, the court seriously questions whether the Commission is entitled to deny a claim for purported misconduct when the employer does not offer evidence of misconduct or contest the award of benefits.

Even if the Commission has independent authority to look through the record for evidence of misconduct that would meet the employer's burden of proof even though the employer itself has declined to make any such effort, the decision below cannot be affirmed.

Both the decision of the hearing officer and the decision of the Commission were premised on a finding of that Rith had committed misconduct by violating an employer rule. See R. 2, 11-12. There may be adequate evidence in the record from which the Commission could have found that Rith had violated an employer rule by returning late from his trip to Cambodia after he had requested and been denied additional vacation days. There may also be a sufficient basis for the Commission's finding that the employer's rule was reasonable and that disregard of that rule showed a disregard for a material interest of the employer.

However, the statutory definition of misconduct for violation of employer rules requires an "unreasonable violation of rules that are reasonably imposed and communicated and equitably enforced." 26 M.R.S. § 1043(A)(2) (emphasis added). In this case the unrebutted evidence in the record is that other employees had returned

3

late from vacation and had not been fired. R. 39, 45.[1] Moreover, there is unrebutted evidence that Rith had received commendations from Oakhurst Dairy, e.g., R. 65-67, and there is no evidence that his lateness in this instance was part of a pattern of absenteeism or other undesirable behavior.

On this record, therefore, even assuming that the Commission could assess whether there was misconduct despite Oakhurst Dairy's decision not to contest the award of benefits, there is no evidence from which the Commission could have found that the employer rule that Rith supposedly violated had been equitably enforced.

The entry shall be:

The January 22, 2013 decision of the Maine Unemployment Security Commission is reversed and the Commission is directed to order the payment of benefits. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October __2__, 2013

Thomas D. Warren
Justice, Superior Court

---

[1] The record reflects that several employees had returned one week late from a two week vacation and had not been terminated. R. 39. Rith returned three or four days late from a two week trip to Cambodia.

4

Date Filed __2-19-13__ __CUMBERLAND__
County

Docket No. __AP-13-8__

Action __80C APPEAL__

CHINHAK RITH

UNEMPLOYMENT INSURANCE COMMISSION

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PAUL ARANSON ESQ<br>PO BOX 1687<br>SANFORD ME 04073 | ELIZABETH WYMAN, AAG<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006<br><br>N. PAUL GAUVREAU, ESQ.<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006<br>(05/31/13) |

Date of
Entry